IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH D. VANCE,

        Plaintiff,

        v.

JAMES STATZMAN, et al.,

        Defendants.

_____

Case. No. 6:23-cv-1309-MC

JUDGMENT

MCSHANE, Judge:

    *Pro se* plaintiff Joseph Vance filed a complaint against several individuals. Plaintiff did not pay the filing fee or seek leave to proceed *in forma pauperis* (IFP). Because this Court clearly lacks jurisdiction, it will not require Plaintiff to pay the filing fee and will instead act as if Plaintiff sought leave to proceed IFP. The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted.

    Plaintiff resides in Salem, Oregon. ECF No. 1, 1. Each of the individually-named Defendants also reside in Salem, Oregon. ECF No. 1, 2-4. Plaintiff alleges this Court has federal question jurisdiction under 42 U.S.C. § 1983. ECF No. 1, 3. The Complaint alleges the Defendants falsely labelled Plaintiff a pedophile and attempted to have false charges brought against Plaintiff. To state a claim under section 1983, the Plaintiff must allege, amongst other things, that the Defendants acted "under color of state law." *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001). The Defendants here are not state actors. As the complaint fails to allege

1 – JUDGMENT

anything that could be construed as any action under color of state law, it fails to state a claim. *See Grae-El v. City of Seattle*, 618 F. Supp. 3d 1080, 1086-87 (W.D. Wash. July 26, 2022) (noting state action requirement is "essential because § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.") (citation omitted) (cleaned up). At best, Plaintiff plausibly alleges a claim for defamation. District courts, however, only "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A state claim of defamation involving no state actor does not arise under the Constitution. This is not to say Plaintiff does not have any plausible claim. The Court merely concludes that Plaintiff does not have a claim providing this Court with federal question jurisdiction.

  As the complaint fails to state a federal claim, it must be dismissed. 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

  DATED this 15th day of September, 2023.

                /s/ Michael McShane
                Michael McShane
               United States District Judge